RENDERED: JULY 31, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2026-CA-0290-ME

C.B.                                                    APPELLANT

               APPEAL FROM HENRY CIRCUIT COURT
v.            HONORABLE DOREEN S. GOODWIN, JUDGE
                 ACTION NO. 24-J-00060-002

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; D.B., A MINOR
CHILD; AND M.B.                                     APPELLEES

AND

NO. 2026-CA-0291-ME

C.B.                                                      APPELLANT

               APPEAL FROM HENRY CIRCUIT COURT
v.            HONORABLE DOREEN S. GOODWIN, JUDGE
                 ACTION NO. 24-J-00059-002

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; M.B.; AND
M.B., A MINOR CHILD                                  APPELLEES

AND

NO. 2026-CA-0294-ME

C.B.                                                                APPELLANT

APPEAL FROM HENRY CIRCUIT COURT
v.          HONORABLE DOREEN S. GOODWIN, JUDGE
ACTION NO. 24-J-00060-001

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; D. B., A MINOR
CHILD; AND M. B.                                                    APPELLEES

AND

NO. 2026-CA-0296-ME

C.B.                                                                APPELLANT

APPEAL FROM HENRY CIRCUIT COURT
v.          HONORABLE DOREEN S. GOODWIN, JUDGE
ACTION NO. 24-J-00059-001

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; M.B.; AND
M.B., A MINOR CHILD                                                 APPELLEES

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND COMBS, JUDGES.

COMBS, JUDGE:  Appellant, B.C. (Father), appeals from Orders of the Henry Family Court decreeing that his two minor children are neglected or abused.  After our review, we affirm.

## Background/Trailer 1

On October 4, 2024, the Cabinet filed dependency, neglect, or abuse (DNA) petitions in Henry Family Court in the interest of M.B., a female born in 2017 (No. 24-J-00059-001), and in the interest of D.K., a male born in 2022 (No. 24-J-00060-001).  On December 3, 2024, the family court entered Orders adjudicating the children to be neglected or abused by Father: that he "placed the children at risk of harm for neglect or abuse by failing to properly supervise; by failing to secure home of hazards/dangerous objects from the children; inappropriate discipline causing injury to child."  Dispositional orders were entered on December 11, 2024.  No timely notice of appeal was filed.[1]

---

[1] The "disposition order, not an adjudication order, is the final and appealable order with regard to a decision of whether a child is dependent, neglected, or abused." *J.E. v. Cabinet for Health and Family Services*, 553 S.W.3d 850, 852 (Ky. App. 2018).  In the cases before us, Father has appealed the family court's determination in Trailer 2.  Although Father filed amended notices of appeal to include both Trailer 1 and Trailer 2, he acknowledges that "the time for appeal of Petition 1 has lapsed and no request is made to appeal Petition 1."  (Appellant's brief, p. 6.)

**This Case/Trailer 2**

On July 29, 2025, the Cabinet filed DNA petitions in the interest of

M.B. (No. 24-J-00059-002) and D.K. (No. 24-J-00060-002) as follows in relevant

part:

> On 5/23/25, [Cabinet for Health and Family Services]
> CHFS received a report that met criteria for a Sexual
> Abuse/Threat of Sexual Harm investigation against the
> above child [*sic*] and their parents . . . . CHFS conducted
> a forensic interview through the CAC,[2] during which,
> evidence was collected which indicated that M.B. had
> been sexually abused by her father on multiple occasions
> and that her mother was aware of the abuse but chose not
> to take protective actions by contacting CHFS or law
> enforcement.

At that time, both children were in the temporary custody of fictive kin.

By calendar order entered on September 24, 2025, the family court

scheduled the adjudication hearing for December 18, 2025, at the Oldham County

Temporary Courthouse and ordered that Father be transported from his place of

incarceration for the hearing.

However -- for some unknown reason -- Father was not transported to

the adjudication hearing on December 18, 2025, as ordered. Following a

discussion, the court arranged for both Father and Mother -- who were incarcerated

in different counties -- to attend the hearing by Zoom.

---

[2] Children's Advocacy Center.

The first witness was the child, M.B. The court questioned her in chambers and found her to be competent. The guardian *ad litem* (GAL) and the parents' respective counsel were also present in chambers and were permitted to examine and cross-examine the child. Thereafter, the court heard testimony from Cabinet Worker Potter, Detective Downey of the Eminence Police Department, Police Officer Knuckles, and V.M., the maternal grandmother. At the close of the hearing, the family court found that neglect or abuse had been proven by a preponderance of the evidence. The court specifically found the child to be "believable and credible."

On December 19, 2025, the family court entered its written adjudication orders. The court believed the child's testimony and found that neglect or abuse had been proven by a preponderance of the evidence -- and that each child was a neglected or abused child as defined in KRS[3] 600.020(a):

> The child's parent(s) . . .
>
> Inflicted or allowed to be inflicted upon the child physical or emotional injury by other than accidental means; . . . [c]ommitted or allowed to be committed an act of sexual abuse, sexual exploitation, or prostitution upon the child; [and] [c]reated or allowed to be created a risk that an act of sexual abuse, sexual exploitation, or prostitution will be committed upon the child[.]

---

[3] Kentucky Revised Statutes.

On February 3, 2026, the family court conducted the disposition hearing. By disposition orders entered on February 10, 2023, the court found that the facts support removal or continued removal, specifically reciting that M.B. was "sexually abused by her father & threatened w/physical harm by him. [Mother] was aware of the abuse. [Mother] failed to stop the abuse or report it. [D.K.] was at risk being in the home."

Father now appeals. His first argument is that the family court committed palpable error by failing to make a finding of a compelling need for the child to testify outside the courtroom in violation of KRS 421.350 and the confrontation clauses of the United States and Kentucky Constitutions.

As a preliminary matter, we note that DNA actions are civil actions. *Z.T. v. M.T.*, 258 S.W.3d 31, 36. (Ky. App. 2008); KRS 620.100(3) ("The adjudication shall determine the truth or falsity of the allegations in the complaint. The burden of proof shall be upon the complainant, and a determination of dependency, neglect, and abuse shall be made by a preponderance of the evidence. The Kentucky Rules of Civil Procedure shall apply.").

The Sixth Amendment's Confrontation Clause **does not** apply to civil cases. *Cabinet for Health and Family Services v. A.G.G.*, 190 S.W.3d 338, 345 (Ky. 2006). "A civil litigant's right of confrontation and cross-examination is grounded in the Due Process Clauses of the Fifth and Fourteenth Amendments. . . .

-6-

The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* at 345-46. "Although a [DNA] action does not terminate parental rights, it is an interference with the parental relationship and often a precursor to the permanent termination of parental rights. The parents must, therefore, be afforded the same fundamentally fair procedures." *Z.T.*, 258 S.W.3d at 34. "The foundational principle of procedural due process -- fundamental fairness -- requires courts to . . . appraise the value of specific procedures in light of the particular facts of the case." *Cabinet for Health & Family Services v. K.S.*, 610 S.W.3d 205, 214 (Ky. 2020).

KRS 421.350 is "[t]he provision for questioning a child victim or witness of sexual abuse. . . . It is applicable to proceedings pursuant to KRS 620 *et seq.*, when the alleged victim is twelve years of age or younger and applies to testimony of that child or another child who is twelve years of age or younger who witnesses the offense." *Z.T.*, 258 S.W.3d at 34. The statute provides that upon a showing of compelling need, the court may on motion of the attorney for any party allow the child to testify outside the courtroom.

Father concedes that the issue was not preserved by objection and has requested palpable error review.[4] CR[5] 61.02 provides that

> a palpable error which affects the substantial rights of a party may be considered . . . by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

"The language of CR 61.02 is identical to its criminal law counterpart, RCr[6] 10.26, and we interpret that language identically." *Nami Resources Company, L.L.C. v. Asher Land and Mineral, Ltd.*, 554 S.W.3d 323, 338 (Ky. 2018). "Under this rule, an error is reversible only if a manifest injustice has resulted from the error. That means that if, upon consideration of the whole case, a substantial possibility does not exist that the result would have been different, the error will be deemed nonprejudicial." *Graves v. Commonwealth*, 17 S.W.3d 858, 864 (Ky. 2000).

---

[4] The Commonwealth contends that it did not file a motion under KRS 421.350, because "all counsel agreed prior to hearing for the testimony to be taken in the Judge's chambers. All counsel present engage [*sic*] **unrecorded discussion** whereby it was acknowledged the child would testify in chambers." (Appellee's brief, p. 3) (emphasis added). "It is well settled that matters not disclosed by the record cannot be considered on appeal." *Hamner v. Best,* 656 S.W.2d 253, 256 (Ky. App. 1983).

[5] Kentucky Rules of Civil Procedure.

[6] Kentucky Rules of Criminal Procedure.

Counsel had all agreed that the child would be heard in chambers. We find no manifest injustice in the case before us. Father's counsel was present in chambers and was permitted an opportunity to question the child. Father "received the process that is due." *May v. Harrison*, 559 S.W.3d 789, 791 (Ky. 2018).

Next, Father argues that the family court unreasonably limited his cross-examination of the child in violation of the Confrontation Clauses of the United States and Kentucky Constitutions -- specifically, that the court erred in sustaining the GAL's objection as to the relevance of certain facts. Father's preservation statement recites: "This error was preserved ([Video Record] V.R. 12/18/25 1:56:49)."

The court sustained the GAL's objection to Father's questioning of the child based upon relevance because "we're here to determine the truth or falsity of what's in the petition." (VR 12/18/25 1:56:28-1:56:32.) At 1:56:49 of the video record -- where Father contends this claim of error was preserved, Father's counsel states, "please just note the objection for the record." However, KRE[7] 103 requires more:

> (a) Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected; and
>
> . . .

---

[7] Kentucky Rules of Evidence.

> (2) Offer of proof. If the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

It is not apparent that Father complied with KRE 103(a)(2). Thus, the issue is not sufficiently preserved for review. Nor is it entirely clear whether Father is seeking palpable error review with respect to this issue.[8] He does contend that manifest injustice occurred because of limited cross-examination. His argument is speculative at best and fails to persuade us of any error -- much less palpable error resulting in manifest injustice.

Next, Father argues that it was palpable error to proceed with the adjudication hearing because he was not present at the courthouse. He concedes that the issue was not preserved because no objection was made. Father's argument consists of nothing more than unsupported contentions and supposition. Again, we find no error, palpable or otherwise.

Father's final argument is that the multiple constitutional deprivations entitled him to a cumulative error review. "Because cumulative error only applies

---

[8] KRE 103(e) provides that:

> A palpable error in applying the Kentucky Rules of Evidence which affects the substantial rights of a party may be considered by a trial court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

when there is an accumulation of errors, it is inapplicable where, as here, no error was made." *Stinson v. Commonwealth*, 727 S.W.3d 336, 361 (Ky. 2025).

Accordingly, we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

Alecia Lococo
Goshen, Kentucky

BRIEF FOR APPELLEE
COMMONWEALTH OF
KENTUCKY, CABINET FOR
HEALTH AND FAMILY
SERVICES:

Kassidy R. Dees
New Castle, Kentucky